# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MANUEL DEJESUS VENTURA-PINEDA,<br>    Petitioner,<br><br>vs.<br><br>SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al*.<br>    Respondents. | Case No. 1:18-cv-570<br><br>Barrett, J.<br>Bowman, M.J.<br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, through counsel, has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). This matter is currently before the Court on the petition and respondent's return of writ (Doc. 9), to which petitioner has not responded. For the reasons stated below, it is recommended that the petition be denied.

## I. BACKGROUND

Petitioner, a native and citizen of El Salvador, was arrested by the City of Cincinnati Police Department on July 23, 2017. (Doc. 9-1, Rippe Decl. at PageID 58). Immigration and Customs Enforcement (ICE) became aware of petitioner because of the charges.

A warrant of arrest was issued on or about July 25, 2017 by an immigration officer. The warrant stated it was based on probable cause that petitioner is removable from the United States. A Notice to Appear was issued charging petitioner as removable pursuant to INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (*Id.* at PageID 59). Petitioner was detained at the Butler County Jail from July 25, 2017 until August 22, 2017, when he was released on bond during the pendency of his removal proceedings.

On July 27, 2018, petitioner was arrested by the City of Cincinnati Police Department and charged with assault. On the same date, ICE lodged a detainer with the Hamilton County Jail, requesting notification of petitioner's release. The detainer form indicated that probable

cause exists that petitioner was a removable alien based on "[b]iometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (*See id.*, Ex. 5 at PageID 69). A Warrant for Arrest of Alien form was also issued by an immigration officer. (Doc. 1-1 at PageID 24).

Later that day, petitioner entered a plea of not guilty to the charges and was granted $1,500.00 bond at his arraignment hearing. (Doc. 1 at PageID 7). Petitioner states that the Hamilton County Sheriff informed him that upon posting bond that petitioner would be transferred to ICE custody at the Butler County Jail. Petitioner elected to remain in the custody of Hamilton County rather than post bond.

On October 5, 2018, petitioner was convicted of disorderly conduct—a lesser included offense—and sentenced to time served. Petitioner was immediately re-arrested by ICE and taken to Butler County Jail.[1]

## II. PETITION AND RETURN OF WRIT

In the "Petition for a Writ of Habeas Corpus, Declaratory Judgment, Injunctive Relief & a Judicial Order for Release from Unconstitutional Detention by the United States," petitioner claims that he was unconstitutionally detained pending removal proceedings. (Doc. 1). Specifically, petitioner claims that the immigration detainer and warrant for arrest amounted to a new arrest and were carried out without probable cause. He further contends his equal protection and due process rights were violated. Finally, petitioner seeks damages pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

---

[1] Petitioner was notified that he can request a review of ICE's decision to detain him during his removal proceedings to an Immigration Judge, however he refused to acknowledge that he may request custody review. (*See* Doc. 9, Ex. 8 at PageID 86).

After the Hamilton County Sheriff filed a motion to dismiss on the ground that petitioner was no longer at the Hamilton County Jail, petitioner filed a notice of voluntary dismissal, dismissing the sheriff as a respondent to this action. (Doc. 7, 10).

The remaining respondents filed a return of writ in opposition to the petition. (Doc. 9). According to respondents, petitioner's detention is authorized by statute and constitutionally permissible.[2] With respect to petitioner's *Bivens* claims, respondents contend that petitioner failed to perfect service of process as required by Fed. R. Civ. P. 4. (*See id.* at PageID 53, n.3).

### III. OPINION

Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[3] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

In this case, petitioner has not responded to the return of writ or otherwise provided an update on petitioner's current status. However, the United States Immigration and Customs Enforcement Online Detainee Locator System and Butler County Jail Online Roster,[4] both indicate that petitioner is no longer in custody. Accordingly, to the extent that petitioner

---

[2] Specifically, respondents contend that 8 U.S.C. § 1226(a) authorizes the arrest and detention of an alien pending removal proceedings and that petitioner's re-arrest and detention under the original warrant of arrest is statutorily authorized pursuant to § 1226(b). Respondents further contend that "[d]etention during removal proceedings is a constitutionally permissible part of that process ," *quoting Denmore v. Kim*, 538 U.S. 510, 530 (2003), and that petitioner has not demonstrated that he is subject to prolonged or indefinite detention that may be unconstitutional pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* Doc. 9 at PageID 54–55).

[3] Petitioner has not alleged nor is the undersigned aware of any basis to find that petitioners will suffer future collateral consequences as a result of the previous alleged detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

[4] The ICE Online Detainee Locator was viewed at https://locator.ice.gov. The Butler County Jail roster was viewed at https://butler.miamivalleyjails.org.

challenges his detention pending removal, his release from custody renders this action moot and deprives the Court of jurisdiction. *See Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012).

To the extent that petitioner brings claims under the Declaratory Judgment Act, 28 U.S.C. § 2201, and *Bivens*, such claims must be filed by way of a civil complaint and are subject to the $400 filing fee. *See, e.g.*, *Avery v. Phillips*, No. 2:14-cv-1276-STA-egb, 2016 WL 94143, at *2 (W.D. Tenn. Jan. 7, 2016) ("A civil rights action and a habeas petition have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.") (citing cases). *See also Flowers v. Schultz*, No. 07-0045 (JBS), 2007 WL 1186312, at *3 (D. N.J. Apr. 19, 2007) ("Actions under the Declaratory Judgment Act must be filed by way of a civil complaint[.]"). In this case, petitioner has not paid the applicable fee or issued service of process on respondents. If petitioner wishes to pursue these claims, he must do so by filing a civil

complaint, paying the applicable filing fee, and properly issuing service of process on respondents.

Accordingly, in sum, the undersigned **RECOMMENDS** that the petition (Doc. 1) be **DENIED.**

**IT IS SO RECOMMENDED.**

                                                   *s/ Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MANUEL DEJESUS VENTURA-PINEDA,<br>Petitioner,<br><br>vs.<br><br>SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al*.<br>Respondents. | Case No. 1:18-cv-570<br><br>Barrett, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).